**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

DANIEL-JEAN MCDONALD,

                  Plaintiff,

v.

MINNESOTA BOARD OF CHIROPRACTIC
EXAMINERS;

MICHAEL D. MCSHERRY, *Assistant Attorney General of Minnesota*;

CHRISTA L. MOSENG, *Administrative Law Judge*; and

RIDGE PIDDE, *Executive Director, Minnesota Board of Chiropractic Examiners*,

                  Defendants.

Civil No. 25-3314 (JRT/SGE)

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Daniel-Jean McDonald, 5298 Kyler Avenue Northeast, Suite 101, Albertville, MN 55301, *pro se*.

Madeleine DeMeules, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1400, St. Paul, MN 55101, for Defendants Minnesota Board of Chiropractic Examiners, Michael D. McSherry, and Ridge Pidde; Nicholas J. Pladson, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 600, St. Paul, MN 55101, for Defendant Christa L. Moseng.

Plaintiff Daniel-Jean McDonald brought this action under 42 U.S.C. § 1983 against

the Minnesota Board of Chiropractic Examiners and other Minnesota state officials,

alleging that they unlawfully commenced disciplinary proceedings against him. McDonald seeks injunctive relief, declaratory relief, damages, and attorneys' fees and costs. Defendants have now filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. Defendants argue that McDonald's claims are barred by various immunity and abstention doctrines and that his Amended Complaint fails to allege factual allegations sufficient to state a claim. After careful consideration of the record and the parties' arguments, the Court concludes that it must abstain under *Younger v. Harris*, 401 U.S. 37 (1971).[1] When the *Younger* abstention doctrine applies, the Court should dismiss the case without prejudice.[2] The Court will therefore abstain from adjudicating this action, grant Defendants' motions to dismiss, and dismiss the action without prejudice.

---

[1] *See Younger v. Harris*, 401 U.S. 37, 53–54 (1971) (holding that federal courts should abstain from interfering with pending state criminal proceedings); *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (noting that the Supreme Court has "extended *Younger* abstention to particular state civil proceedings that are akin to criminal prosecutions . . . or that implicate a State's interest in enforcing the orders and judgments of its courts").

[2] "Without prejudice" means that McDonald may refile this action in the future. The Court notes, however, that if McDonald files another complaint and the circumstances have not materially changed since the original action was filed, the Court will likely dismiss the case again under *Younger*.

**BACKGROUND**

The factual background below is based on the allegations in McDonald's Amended Complaint, along with information the Court finds to be necessarily embraced by the Amended Complaint or part of the public record.[3]

McDonald is a Minnesota resident who possessed a Minnesota chiropractic license until he "surrendered" his license in December 2024.  (Am. Compl. at 2, Aug. 27, 2025, Docket No. 3.)   He now claims to be a "member and representative of a Private Membership Association (PMA), a spiritual and ecclesiastical society operating in the private domain."  (Pl.'s Mem. Opp'n Defs.' Mot. Dismiss at 2, Sept. 22, 2025, Docket No. 21; *see also* Am. Compl. at 2.)  Defendant Minnesota Board of Chiropractic Examiners (the "Board") is the professional licensing board that is responsible for issuing licenses and enforcing rules related to the practice of chiropractic in the state of Minnesota.[4]   Defendant Ridge Pidde is the Board's executive director.[5]  Defendant Michael McSherry

---

[3] At the motion to dismiss stage, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings."  *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).  The Court may also consider matters of public record and exhibits attached to the pleadings, as long as those documents do not contradict the complaint.  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

[4]  *Chiropractic Board Mission*, Minn. Bd of Chiropractic Exam'rs, https://mn.gov/boards/chiropractic-examiners/board-information/ [https://perma.cc/V2L9-YLXN] (last visited May 4, 2026).

[5] *Staff Members*, Minn. Bd of Chiropractic Exam'rs, https://mn.gov/boards/chiropractic-examiners/board-information/staff-members.jsp [https://perma.cc/69ZU-DCZB] (last visited May 4, 2026).

is an Assistant Attorney General for the State of Minnesota. (Am. Compl. at 1.) Defendant Christa L. Moseng is an administrative law judge with the Minnesota Court of Administrative Hearings.[6]

In 2008, the Board issued a chiropractic license to McDonald. (Decl. of Nick Pladson ("Pladson Decl.") ¶ 2, Ex. 1 (Notice and Order for Prehearing Conference and Hearing, Docket No. 22-0901-40716)[7] at 2, Sept. 16, 2025, Docket No. 16.) Shortly after receiving his license, McDonald created Infinite Wellness Chiropractic P.A, and in 2017, he changed the name of the business to Wellness Natural Healing Center, P.A. (*Id.* at 3.)

The Board has sanctioned McDonald numerous times since he has received his license. In February 2021, McDonald entered into a Stipulation and Consent Order in which he admitted to misconduct that occurred in the midst of the COVID-19 pandemic. (*Id.*) After the 2021 Order, the Board suspended McDonald's license for six months but stayed such suspension subject to conditions. (*Id.*) Despite the 2021 Order, McDonald continued engaging in sanctionable conduct—which resulted in McDonald entering into a second Stipulation and Consent Order in late 2022 in which he again admitted wrongdoing. (*Id.*) In February 2023, the Board approved the second Stipulation and

---

[6] *Administrative Law Judges*, Minn. Ct. of Admin. Hearings, https://mn.gov/oah/about-us/judge-profiles/administrative-law-judges/ [https://perma.cc/BJ5S-EFR2] (last visited May 4, 2026).

[7] McDonald references this proceeding in his Amended Complaint. (Am. Compl. at 2.)

Consent Order.  (*Id.*)  The Board suspended McDonald's license for two years, but Board again stayed the suspension subject to probationary conditions.  (*Id.*)

In March 2024, the Board's complaint panel found that McDonald had engaged in further misconduct—in violation of the second Stipulation and Consent order and removed the stay, resulting in suspension of McDonald's license.  (*Id.* at 5.)  The Board suspended McDonald license for five years, "subject to an administrative stay of suspension after twenty-four (24) months and various probationary terms."  (*Id.*)

On March 25, 2025, a Notice and Order for Prehearing Conference and Hearing was issued by the Board's complaint panel and signed by Pidde.  (*Id.* at 1, 9.)  The Notice indicated that Christa Moseng had been assigned to serve as the administrative law judge for the matter and that Michael McSherry, Assistant Attorney General, represented the complaint panel.  (*Id.* at 2.)

On August 19, 2025, McDonald, pro se, initiated this action against the Board, McSherry, Pidde, and Moseng.  (Am. Compl. at 1.)  The Amended Complaint does not specify whether the individual defendants are being sued in their individual or official capacities.  (*Id.*)  McDonald alleges that he "surrendered his Minnesota chiropractic license in December 2024" and "now operates exclusively within a constitutionally protected Private Membership Association (PMA)."  (*Id.* at 1–2.)  As a result of the purported change in status, McDonald contends that the Board lacks authority to pursue a contested case proceeding against him.  (Am. Compl. at 2.)  McDonald asks this Court

to enjoin the disciplinary action on the grounds that the Board lacks the authority to discipline unlicensed members.  (*Id.* at 3.)  He seeks various forms of relief including declaratory relief, injunctive relief, and compensatory and punitive damages.

The Board, McSherry, and Pidde (collectively, "Board Defendants") and Moseng have filed motions to dismiss.  (Board Defs.' Mot. to Dismiss Am. Compl., Sept. 16, 2025, Docket No. 7; Def. Moseng's Mot. to Dismiss Pl.'s Am. Compl., Sept. 16, 2025, Docket No. 13.)[8]

## DISCUSSION

### I.   STANDARD OF REVIEW

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the Complaint as true to determine if the Complaint states a "claim to relief that is plausible on its face."  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court construes the complaint in the light most favorable to the plaintiff, drawing all

---

[8] After Defendants filed their replies in support of their motions to dismiss (Docket Nos. 23 and 24), McDonald submitted three additional memoranda addressing arguments raised in those replies (Docket Nos. 25, 27, and 28).  While courts construe pro se filings liberally, pro se litigants must still comply with substantive and procedural law.  *Burg v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Under Local Rule 7.1(c), a non-movant may file only one response in opposition to a dispositive motion—a response McDonald had already filed (*see* Docket No. 21).  Any additional memoranda responding to a reply require prior court approval.  *See* D. Minn. LR 7.1(i).  Because McDonald did not seek permission to file the additional memoranda, the Court will disregard McDonald's unauthorized filings (*see* Docket Nos. 25, 27, and 28).  The Court notes, however, that its conclusions as set forth in this opinion would remain the same even if it had considered McDonald's unauthorized filings.

reasonable inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

The Court liberally construes documents filed by a pro se litigant and holds them to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, pro se litigants are not excused from complying with substantive or procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

## II.    ANALYSIS

The Board Defendants move to dismiss the Amended Complaint under Rule 12(b)(6), arguing that McDonald lacks standing, the claims fail to state a viable cause of action, and the claims are barred by sovereign immunity, absolute immunity, *Younger* abstention, and *Colorado River* abstention.[9] Defendant Moseng moves to dismiss the

---

[9] The *Colorado River* abstention doctrine requires that federal courts abstain from exercising jurisdiction when there is a parallel state proceeding, but only for "exceptional circumstances." *United States v. Rice*, 605 F.3d 473, 476 (8th Cir. 2010); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

Amended Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6).  Moseng asserts that she is entitled to sovereign and judicial immunity and that the *Younger* abstention compels dismissal of McDonald's claims.  The Court will first address McDonald's declaratory and injunctive relief claims, and then it will address McDonald's damages claim.

### A.        Injunctive and Declaratory Relief Claims

With respect to McDonald's request for injunctive and declaratory relief, as further explained below, the Court concludes that *Younger* abstention applies, and the Court will abstain from deciding this action and will dismiss the action without prejudice.[10]

"Federal courts have a 'virtually unflagging obligation' to decide cases that fall within their jurisdiction."  *Wassef v. Tibben*, 68 F.4th 1083, 1086 (8th Cir. 2023) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).  "The Supreme Court carved out a narrow exception to this well-established principle in *Younger v. Harris*," concluding that "concepts of comity and federalism require federal courts to abstain from interfering with pending state court criminal proceedings, except under 'special circumstances' such as bad-faith prosecution or when a criminal statute is 'flagrantly and patently' unconstitutional on its face."  *Id.* at 1086–87 (quoting *Younger v.*

---

[10] *Rousu v. Minnesota*, Civ. No. 25-3683, 2026 WL 1102715, at *4 (D. Minn. Apr. 23, 2026) ("Dismissal under *Younger* is appropriate where the plaintiff seeks equitable relief, such as an injunction or a declaratory judgment.").

*Harris*, 401 U.S. 37, 41, 44–45 (1971)).  The Court has extended *Younger* abstention to certain categories of civil proceedings.  *Id.* at 1087.

The Eighth Circuit engages in "a three-part inquiry" to determine whether *Younger* abstention applies in a given case:

> First, does the underlying state proceeding fall within one of the three "exceptional circumstances" where *Younger* abstention is appropriate?  Second, if the underlying proceeding fits within a *Younger* category, does the state proceeding satisfy what are known as the "*Middlesex*" factors?  And third, even if the underlying state proceeding satisfies the first two inquiries, is abstention nevertheless inappropriate because an exception to abstention applies?

*Id.* at 1087 (quoting *375 Slane Chapel Rd., LLC v. Stone Cnty., Mo.*, 53 F.4th 1122, 1127 (8th Cir. 2022)); *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982).  The Court will address each step in turn.

### 1.    Step One – "Exceptional Circumstances"

"[E]xceptional Circumstances" exist only where the underlying state proceedings involve (1) ongoing state criminal prosecutions, (2) civil enforcement proceedings, or (3) "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions."  *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (alteration in original) (citation omitted).  To qualify as a civil enforcement proceeding—category two—the proceeding must be "akin to a criminal prosecution."  *Wassef*, 68 F.4th at 1088.  To determine whether the civil enforcement proceeding is akin to a criminal prosecution, the Court must evaluate whether the proceeding was initiated

by the state in its sovereign capacity; whether it involved sanctions against the "federal

plaintiff for some wrongful act"; and whether it included "other similarities to criminal

actions" such as an investigation, often culminating in formal charges. *Id.*

The Court readily concludes that the proceeding at issue here—a disciplinary

proceeding brought by a state chiropractic licensing board—constitutes the type of civil

enforcement proceeding where *Younger* abstention is appropriate. The Court finds

*Minnesota Living Assistance, Inc. v. Peterson*, 899 F.3d 548 (8th Cir. 2018) instructive. In

*Peterson*, the Eighth Circuit found that a contested case proceeding before an

administrative law judge at the Minnesota Office of Administrative Hearings qualified as

a civil proceeding akin to criminal prosecution. *Id.* at 552–53.

Here, like in *Peterson*, the Board brought a contested case proceeding following an

investigation and pursuant to its authority under Minnesota law. *See* Minn. Stat.

§§ 148.10, 214.10, 214.103, 14.57. The contested case proceeding will be heard by an

administrative law judge at the Minnesota Court of Administrative Hearings and may

result in sanctions. Based on the characteristics of Board's action against McDonald, the

Court concludes that the proceeding at issue amounts to a civil proceeding akin to a

criminal prosecution. Courts routinely abstain in cases—much like the one here—in

which the plaintiff asks the court to enjoin ongoing state professional licensing

disciplinary proceedings. *See, e.g.*, *Wassef*, 69 F.4th at 1091 (affirming dismissal on

*Younger* abstention grounds where plaintiff sought to enjoin ongoing physician

disciplinary proceedings); *Gillette v. N.D. Disciplinary Bd. Counsel*, 610 F.3d 1045, 1048–49 (8th Cir. 2010) (affirming dismissal on *Younger* abstention grounds where plaintiff sought relief from disciplinary action brought by attorney licensing board).

Because McDonald's underlying proceeding falls within one of the three "exceptional circumstances" where *Younger* abstention is warranted, the Court will proceed to the second step of the three-part inquiry. *Wassef*, 68 F.4th at 1087 (instructing that "if the underlying proceeding fits within a *Younger* category," a court should consider whether the proceeding satisfies the *Middlesex* factors).

### 2.    Step Two – *Middlesex* Factors

If the underlying state proceeding falls within a category of "exceptional circumstances" where *Younger* abstention is appropriate, a court must next consider if the *Middlesex* factors favor abstention. *Wassef*, 68 F.4th at 1087. Under *Middlesex*, the Court must consider if (1) there is an ongoing state proceeding that is "judicial in nature"; (2) the proceeding implicates important state interests; and (3) the state proceeding provides an adequate opportunity to raise federal constitutional challenges. *Id.* at 1088. As further described in this section, the Court concludes that each of the *Middlesex* factors are met.

**First**, there is an ongoing contested case proceeding taking place before an administrative law judge in the Minnesota Court of Administrative Hearings to determine whether McDonald's conduct violated Minnesota law. **Second**, the state has an important interest in licensing and regulating the conduct of individuals providing

-11-

chiropractic services, as evidenced by its corresponding statutory scheme. *See* Minn. Stat. §§ 148.01–108; *see also Goldfarb v. Va. State Bar*, 421 U.S. 773, 792 (1975) (recognizing that "States have a compelling interest in the practice of professions within their boundaries, and that as part of their power to protect the public health, safety, and other valid interests they have broad power to establish standards for licensing practitioners and regulating the practice of professions"). **Third**, the state proceeding provides adequate opportunity to raise constitutional challenges.[11] Nothing in the applicable state statutes outlining the scope of an administrative law judge's authority and the procedures for contested case proceedings preclude federal constitutional claims from being heard. *See* Minn. Stat. §§ 14.48–14.62. But even if the administrative law judge is not capable of adjudicating constitutional claims during McDonald's contested case proceeding, McDonald can raise any such claims when petitioning for review of the administrative proceeding in the state appellate court.[12] *See* Minn. Stat. § 14.69 ("In a judicial review under sections 14.63 to 14.68, the court . . . may reverse or modify the decision if the . . . decisions are: (a) in violation of constitutional provisions . . . ."); *see also Padilla v. Minn.*

---

[11] *See* Minn. Stat. § 214.103, subd. 7 (providing that the Board "may initiate a contested case hearing under chapter 14"); *id.* § 14.63 (providing that a person aggrieved by a decision in a contested case is entitled to judicial review); *id.* § 14.69 (defining the scope of judicial review to include those decisions made "in violation of constitutional provisions").

[12] *Hudson v. Campbell*, 663 F.3d 985, 989 (8th Cir. 2011) ("[I]t is sufficient under *Middlesex* that constitutional claims may be raised in state-court judicial review of the administrative proceeding.") (alteration in original) (citation omitted).

*State Bd. of Med. Exam'rs*, 382 N.W.2d 876, 882 (Minn. Ct. App. 1986) ("[T]his court may consider a constitutional issue raised for the first time on appeal from an administrative tribunal when the appellant is raising the issue at the first opportunity in a forum possessing subject matter jurisdiction."). Accordingly, each of the *Middlesex* factors favor abstention.

### 3.   Step Three – Applicability of Exceptions to *Younger* Abstention

Because the first two steps of *Younger* abstention analysis have been met, the Court must next consider whether "abstention [is] nevertheless inappropriate because an exception to abstention applies[.]"   *Wassef*, 68 F.4th at 1087.   Even if the other requirements for *Younger* abstention are met, a court may still hear a case if there is a "flagrantly and patently" unconstitutional statute at issue or if a federal plaintiff can demonstrate that a state proceeding involves bad faith.  *Plouffe v. Ligon*, 606 F.3d 890, 893 (8th Cir. 2010) (quoting *Trainor v. Hernandez*, 431 U.S. 434, 446 (1977)).

Upon review of the Amended Complaint, the Court concludes that it lacks plausible allegations that "the pending state action was brought in bad faith or for the purpose of [harassment]," or that other "extraordinary circumstances" render abstention inappropriate. *See Trainor*, 431 U.S. at 446 .

Because the underlying state proceedings fall within one of the three *Younger* categories; the *Middlesex* factors are met; and no exception to abstention applies, the Court concludes that the *Younger* abstention doctrine applies to McDonald's injunctive

and declaratory relief claims. The Court will therefore dismiss those claims without prejudice.

### B.    Damages Claims

In addition to injunctive and declaratory relief, McDonald seeks money damages, compensatory and punitive. When *Younger* abstention applies, the Court may dismiss the plaintiff's claims to the extent they seek equitable relief, including injunctive and declaratory relief. *See Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 481 (8th Cir. 1998). But where plaintiff seeks damages, a stay is the proper means of abstention, not dismissal. *Id.* (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996). However, a federal court may dismiss claims for damages under § 1983 where the award of damages would compel the court to "declare unconstitutional a state statute or to overturn a state court judgment on a matter of state policy." *Night Clubs*, 163 F.3d at 482; *see also Amerson v. Iowa*, 94 F.3d 510, 512–13 (8th Cir. 1996) ("[A] plaintiff's incidental insertion of a general claim for damages will not suffice to prevent the dismissal of a § 1983 case [under abstention principles] where the damages sought cannot be awarded without first declaring unconstitutional a state court judgment on a matter firmly committed to the states.").

Although McDonald seeks monetary damages, the Court concludes that dismissal under *Younger* abstention is appropriate because an award of damages would require the Court to first declare unconstitutional Minnesota's laws governing either (1) the licensure and conduct of individuals providing chiropractic services or (2) the procedures for

-14-

contested case proceedings.  Because *Younger* bars this type of intrusion into state proceedings, the Court will dismiss McDonald's claims without prejudice to the extent he seeks damages in connection with his § 1983 claims.  *See, e.g.*, *Tietz v. Hennepin Cnty. Hum. Servs.*, Civ. No. 26-53, 2026 WL 353111, at *4 (D. Minn. Feb. 9, 2026) (dismissing § 1983 damages claims because such claims "could not prevail without undercutting rulings in the ongoing state proceedings").

Even if *Younger* abstention doctrine did not apply and the Court could address the merits of McDonald's claims, the Court would find that McDonald's damages claims against Defendants in their official capacity are barred by sovereign immunity and must be dismissed.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (noting that the "Eleventh Amendment bars a damages action against a State in federal court" and such "bar remains in effect when State officials are sued for damages in their official capacity").[13]

---

[13] To the extent McDonald's damages claims are lodged against Defendants in their individual capacities, the Court would likely dismiss such claims because the Defendants are likely protected by absolute immunity.  *See Buser v. Raymond*, 476 F.3d 565, 568–69 (8th Cir. 2007) ("[O]fficials performing quasi-judicial actions are entitled to absolute immunity."); *Zar v. S.D. Bd. of Exam'rs of Psychs.*, 976 F.2d 459, 464 (8th Cir. 1992); *Dunham v. Wadley*, 195 F.3d 1007, 1010–11 (8th Cir. 1999).  In response to the Defendants' immunity defenses, McDonald cites *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) for the proposition that immunity cannot exist when an official violates a clearly established right.  That proposition, however, applies to qualified immunity—not absolute immunity, which the Court applies here.  Unlike qualified immunity, when absolute immunity applies, it "applies absolutely and without qualification."  *J.T.H. v. Mo. Dep't of Soc. Servs. Children's Div.,* 39 F.4th 489, 492 (8th Cir. 2022).  Because Defendants are likely entitled to absolute immunity, the Court would not need to determine whether they violated clearly established rights.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Board Defendants' Motion to Dismiss Amended Complaint (Docket No [7]) is **GRANTED**.

2. Defendant Christa Moseng's Motion to Dismiss Plaintiff's Amended Complaint (Docket No. [13]) is **GRANTED**.

3. The Court **ABSTAINS** from adjudicating this action.

4. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  June 11, 2026                          _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                                  United States District Judge